IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN DOYLE, JEREMY AMARAL, ROBERTO AYALA ROBLES, DARRYL BARRY, CHRISTOPHER CANTIN, CARLOS COSME CUEVAS, JOHN COSTELLO, THOMAS DAVIS, AMBER DILLON, KEITH EDDINGTON, ERIC FLOWERS, DIANA FOWLER, CRAIG HOLLISTER, FRANK HOWLAND, CRISTIANO JULIO, MATTHEW KEEFE, SCOTT LESSARD, MARIO LIMA, KEVIN MARTIN, PAUL MARZILLI, DANA MCDONALD, RICARDO MENDONCA, THOMAS MONAHAN, DONALD MOORE, DAVID MORRISON, KEITH MULVEY, TRISTAO NETO, PAUL ODIERNO, CHRISTOPHER PILOTTE, WALLACE RIBEIRO SANTOS, LUKE SCARBROUGH, ANTONIO TEIXEIRA BARROS, GEORGE THERRIEN, MICHAEL TIMMONS, GARY TWADDLE, RICHARD VANDER BRUG, AMANDA WHEELOCK-GRAVES, and JOHN WILSON, SR., <br><br>             Plaintiffs, <br><br>     v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC. and FEDEX CORPORATION, <br><br>             Defendants. | No. <br><br> JURY DEMANDED |

## COMPLAINT

Plaintiffs bring this action against Defendants FedEx Ground Package System, Inc. and FedEx Corporation (collectively, "FedEx") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1


2. Venue in proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Sean Doyle is an individual residing in Massachusetts. Doyle worked as a delivery driver for FedEx in Massachusetts from approximately 2016 to 2021 but was employed through intermediary entities that FedEx calls independent service providers. Doyle has been eligible to receive overtime pay under the FLSA because Doyle has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

4. Plaintiff Jeremy Amaral is an individual residing in Massachusetts. Amaral worked as a delivery driver for FedEx in Massachusetts from approximately 2017 to 2019 but was employed through intermediary entities that FedEx calls independent service providers. Amaral has been eligible to receive overtime pay under the FLSA because Amaral has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

5. Plaintiff Roberto Ayala Robles is an individual residing in Florida. Ayala Robles worked as a delivery driver for FedEx in Massachusetts from approximately 2014 to 2016 but was employed through intermediary entities that FedEx calls independent service providers. Ayala Robles has been eligible to receive overtime pay under the FLSA because Ayala Robles has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

6. Plaintiff Darryl Barry is an individual residing in Massachusetts. Barry worked as a delivery driver for FedEx in Massachusetts from approximately 2011 to 2016 but was employed through intermediary entities that FedEx calls independent service providers. Barry

has been eligible to receive overtime pay under the FLSA because Barry has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

7. Plaintiff Christopher Cantin is an individual residing in Massachusetts. Cantin worked as a delivery driver for FedEx in Massachusetts from approximately 2014 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Cantin has been eligible to receive overtime pay under the FLSA because Cantin has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

8. Plaintiff Carlos Cosme Cuevas is an individual residing in Massachusetts. Cosme Cuevas worked as a delivery driver for FedEx in Massachusetts from approximately 2017 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Cosme Cuevas has been eligible to receive overtime pay under the FLSA because Cosme Cuevas has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

9. Plaintiff John Costello is an individual residing in Massachusetts. Costello worked as a delivery driver for FedEx in Massachusetts from approximately 2017 to 2019 but was employed through intermediary entities that FedEx calls independent service providers. Costello has been eligible to receive overtime pay under the FLSA because Costello has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

10. Plaintiff Thomas Davis is an individual residing in Massachusetts. Davis worked as a delivery driver for FedEx in Massachusetts from approximately 2013 to 2019 but was

employed through intermediary entities that FedEx calls independent service providers. Davis has been eligible to receive overtime pay under the FLSA because Davis has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

11. Plaintiff Amber Dillon is an individual residing in Massachusetts. Dillon worked as a delivery driver for FedEx in Massachusetts from approximately 2017 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Dillon has been eligible to receive overtime pay under the FLSA because Dillon has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

12. Plaintiff Keith Eddington is an individual residing in Massachusetts. Eddington worked as a delivery driver for FedEx in Massachusetts from approximately 2017 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Eddington has been eligible to receive overtime pay under the FLSA because Eddington has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

13. Plaintiff Eric Flowers is an individual residing in Massachusetts. Flowers worked as a delivery driver for FedEx in Massachusetts from approximately 2007 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Flowers has been eligible to receive overtime pay under the FLSA because Flowers has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

14. Plaintiff Diana Fowler is an individual residing in Massachusetts. Fowler worked as a delivery driver for FedEx in Massachusetts from approximately 2015 to 2022 but was employed through intermediary entities that FedEx calls independent service providers. Fowler has been eligible to receive overtime pay under the FLSA because Fowler has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

15. Plaintiff Craig Hollister is an individual residing in Florida. Hollister worked as a delivery driver for FedEx in Massachusetts from approximately 2012 to 2016 but was employed through intermediary entities that FedEx calls independent service providers. Hollister has been eligible to receive overtime pay under the FLSA because Hollister has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

16. Plaintiff Frank Howland is an individual residing in Massachusetts. Howland worked as a delivery driver for FedEx in Massachusetts from approximately 2012 to 2023 but was employed through intermediary entities that FedEx calls independent service providers. Howland has been eligible to receive overtime pay under the FLSA because Howland has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

17. Plaintiff Cristiano Julio is an individual residing in New Hampshire. Julio worked as a delivery driver for FedEx in Massachusetts from approximately 2014 to 2020 but was employed through intermediary entities that FedEx calls independent service providers. Julio has been eligible to receive overtime pay under the FLSA because Julio has driven a vehicle

weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

18.     Plaintiff Matthew Keefe is an individual residing in Massachusetts. Keefe worked as a delivery driver for FedEx in Massachusetts from approximately 2010 to 2016 but was employed through intermediary entities that FedEx calls independent service providers. Keefe has been eligible to receive overtime pay under the FLSA because Keefe has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

19.     Plaintiff Scott Lessard is an individual residing in Massachusetts. Lessard worked as a delivery driver for FedEx in Massachusetts from approximately 2017 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Lessard has been eligible to receive overtime pay under the FLSA because Lessard has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

20.     Plaintiff Mario Lima is an individual residing in Massachusetts. Lima worked as a delivery driver for FedEx in Massachusetts from approximately 2014 to 2017 but was employed through intermediary entities that FedEx calls independent service providers. Lima has been eligible to receive overtime pay under the FLSA because Lima has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

21.     Plaintiff Kevin Martin is an individual residing in Massachusetts. Martin worked as a delivery driver for FedEx in Massachusetts from approximately 2016 to 2020 but was employed through intermediary entities that FedEx calls independent service providers. Martin

has been eligible to receive overtime pay under the FLSA because Martin has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

22.     Plaintiff Paul Marzilli is an individual residing in Massachusetts. Marzilli worked as a delivery driver for FedEx in Massachusetts from approximately 2015 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Marzilli has been eligible to receive overtime pay under the FLSA because Marzilli has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

23.     Plaintiff Dana McDonald is an individual residing in Massachusetts. McDonald worked as a delivery driver for FedEx in Massachusetts from approximately 2015 to 2017 but was employed through intermediary entities that FedEx calls independent service providers. McDonald has been eligible to receive overtime pay under the FLSA because McDonald has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

24.     Plaintiff Ricardo Mendonca is an individual residing in Massachusetts. Mendonca worked as a delivery driver for FedEx in Massachusetts from approximately 2013 to 2021 but was employed through intermediary entities that FedEx calls independent service providers. Mendonca has been eligible to receive overtime pay under the FLSA because Mendonca has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

25.     Plaintiff Thomas Monahan is an individual residing in Massachusetts. Monahan worked as a delivery driver for FedEx in Massachusetts from approximately 2011 to 2017 but

was employed through intermediary entities that FedEx calls independent service providers. Monahan has been eligible to receive overtime pay under the FLSA because Monahan has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

26. Plaintiff Donald Moore is an individual residing in Rhode Island. Moore worked as a delivery driver for FedEx in Massachusetts from approximately 2018 to 2019 but was employed through intermediary entities that FedEx calls independent service providers. Moore has been eligible to receive overtime pay under the FLSA because Moore has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

27. Plaintiff David Morrison is an individual residing in Connecticut. Morrison worked as a delivery driver for FedEx in Massachusetts from approximately 2014 to 2019 but was employed through intermediary entities that FedEx calls independent service providers. Morrison has been eligible to receive overtime pay under the FLSA because Morrison has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

28. Plaintiff Keith Mulvey is an individual residing in New Hampshire. Mulvey worked as a delivery driver for FedEx in Massachusetts from approximately 2010 to 2020 but was employed through intermediary entities that FedEx calls independent service providers. Mulvey has been eligible to receive overtime pay under the FLSA because Mulvey has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

29. Plaintiff Tristao Neto is an individual residing in Massachusetts. Neto worked as a delivery driver for FedEx in Massachusetts from approximately 2014 to 2024 but was employed through intermediary entities that FedEx calls independent service providers. Neto has been eligible to receive overtime pay under the FLSA because Neto has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

30. Plaintiff Paul Odierno is an individual residing in Massachusetts. Odierno worked as a delivery driver for FedEx in Massachusetts from approximately 2016 to 2017 but was employed through intermediary entities that FedEx calls independent service providers. Odierno has been eligible to receive overtime pay under the FLSA because Odierno has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

31. Plaintiff Christopher Pilotte is an individual residing in Pennsylvania. Pilotte worked as a delivery driver for FedEx in Massachusetts and North Carolina from approximately 2000 to 2016 but was employed through intermediary entities that FedEx calls independent service providers. Pilotte has been eligible to receive overtime pay under the FLSA because Pilotte has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

32. Plaintiff Wallace Ribeiro Santos is an individual residing in Massachusetts. Ribeiro Santos worked as a delivery driver for FedEx in Massachusetts from approximately 2010 to 2021 but was employed through intermediary entities that FedEx calls independent service providers. Ribeiro Santos has been eligible to receive overtime pay under the FLSA because

Ribeiro Santos has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

33. Plaintiff Luke Scarbrough is an individual residing in California. Scarbrough worked as a delivery driver for FedEx in Massachusetts from approximately 2016 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Scarbrough has been eligible to receive overtime pay under the FLSA because Scarbrough has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

34. Plaintiff Antonio Teixeira Barros is an individual residing in Massachusetts. Teixeira Barros worked as a delivery driver for FedEx in Massachusetts from approximately 2017 to 2024 but was employed through intermediary entities that FedEx calls independent service providers. Teixeira Barros has been eligible to receive overtime pay under the FLSA because Teixeira Barros has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

35. Plaintiff George Therrien is an individual residing in North Carolina. Therrien worked as a delivery driver for FedEx in Massachusetts from approximately 2003 to 2020 but was employed through intermediary entities that FedEx calls independent service providers. Therrien has been eligible to receive overtime pay under the FLSA because Therrien has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

36. Plaintiff Michael Timmons is an individual residing in Massachusetts. Timmons worked as a delivery driver for FedEx in Massachusetts from approximately 2004 to 2019 but was employed through intermediary entities that FedEx calls independent service providers.

Timmons has been eligible to receive overtime pay under the FLSA because Timmons has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

37. Plaintiff Gary Twaddle is an individual residing in Massachusetts. Twaddle worked as a delivery driver for FedEx in Massachusetts from approximately 2015 to 2016 but was employed through intermediary entities that FedEx calls independent service providers. Twaddle has been eligible to receive overtime pay under the FLSA because Twaddle has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

38. Plaintiff Richard Vander Brug is an individual residing in Massachusetts. Vander Brug worked as a delivery driver for FedEx in Massachusetts from approximately 2017 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Vander Brug has been eligible to receive overtime pay under the FLSA because Vander Brug has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

39. Plaintiff Amanda Wheelock-Graves is an individual residing in Massachusetts. Wheelock-Graves worked as a delivery driver for FedEx in Massachusetts from approximately 2016 to 2019 but was employed through intermediary entities that FedEx calls independent service providers. Wheelock-Graves has been eligible to receive overtime pay under the FLSA because Wheelock-Graves has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

40. Plaintiff John Wilson, Sr. is an individual residing in Massachusetts. Wilson worked as a delivery driver for FedEx in Massachusetts from approximately 2017 to 2019 but

was employed through intermediary entities that FedEx calls independent service providers. Wilson has been eligible to receive overtime pay under the FLSA because Wilson has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

41. FedEx Ground Package System, Inc. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.

42. FedEx Corporation, formerly known as Federal Express Corporation, is a Delaware corporation with its principal place of business in Memphis, Tennessee.

43. FedEx Corporation is the successor, by merger, to FedEx Ground Package System, Inc.

44. FedEx Ground Package System, Inc. and FedEx Corporation are referred to herein collectively as "FedEx."

45. At all relevant times, FedEx has engaged in the business of the delivery of packages nationwide and within Massachusetts.

46. FedEx employs thousands of individuals across the country, including Plaintiffs, who have engaged in interstate commerce.

47. FedEx is an employer under the FLSA.

## FACTS

48. FedEx operates a package pickup and delivery business servicing customers throughout the United States.

49. FedEx employs thousands of package delivery drivers within the United States, who: (a) work for FedEx through intermediary employers called "independent service providers" (ISPs); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty

hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,001 pounds or less. These individuals are referred to herein as "delivery drivers."

50. At all relevant times, Plaintiffs worked for FedEx as delivery drivers in Massachusetts.

51. Before instituting the ISP model of employing its delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and purported to classify as "independent contractors," pursuant to standard operating agreements that FedEx required its drivers to sign. After years of defending litigation challenging the employment status of these drivers around the country–during which time multiple courts around the country held that FedEx misclassified its delivery drivers as independent contractors when they were actually FedEx's employees under various state wage laws[1]–FedEx shifted its method of hiring drivers in many states by contracting with ISPs in an effort to continue to avoid liability under the wage laws for its delivery drivers.

52. FedEx ISPs are typically responsible for three or more FedEx delivery routes. FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

---

[1] *See, e.g.*, *Craig et al. v. FedEx Ground Package System, Inc.*, 335 P.3d 66 (Kan. 2014) (FedEx drivers in Kansas were misclassified as independent contractors when they were employees as a matter of law); *Alexander, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 981, 997 (9th Cir. 2014) (same, for FedEx delivery drivers in California); *Slayman, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 1033, 1046-47 (9th Cir. 2014) (FedEx delivery drivers in Oregon were FedEx's employees under Oregon's economic reality test and Oregon's right to control test). FedEx ultimately settled these and other pending cases challenging its misclassification of drivers as independent contractors.

13

53. However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

54. FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country. FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by the Plaintiffs and other delivery drivers.

55. Delivery drivers working under ISPs have typically work full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

56. Plaintiffs and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the package delivery operations.

57. The services rendered by Plaintiffs and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery, and Plaintiffs and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

58. Plaintiffs and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements. The drivers' schedules were dictated by the volume of packages that FedEx required them to deliver each day on their routes. Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package pickup and delivery work that FedEx assigns the drivers.

59. FedEx micromanaged how Plaintiffs and other delivery drivers working under ISPs performed their work. Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx). For example:

    a. FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;

    b. FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;

    c. FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;

    d. FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;

    e. FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

    f. FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;

    g. Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;

    h. FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated; and

    i. FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

60. Some FedEx drivers working under ISPs have worked for different ISPs at times, and even at times directly for FedEx, but their work responsibilities, and procedures they have been required to follow, have not differed in any material way regardless of which ISP they have worked under or whether they have worked directly for FedEx.

61. For example, many FedEx drivers were initially hired directly by FedEx to perform its deliveries, until FedEx told drivers they had to work under an ISP. These drivers' responsibilities and the procedures they were required to follow did not change in any material way following the conversion to drivers working under ISPs. Drivers continued to report to FedEx terminals each morning, drove a vehicle with a FedEx logo on it, and followed FedEx procedures to complete their assigned deliveries.

62. FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week.

63. Plaintiffs have driven trucks weighing less than 10,001 pounds. They are thus eligible for overtime pay under the FLSA.

64. However, Plaintiffs have not received overtime pay for their work beyond 40 hours per week.

65. Because FedEx is Plaintiffs' employer under the FLSA, FedEx is liable to Plaintiffs for the unpaid overtime.

66. FedEx has avoided its responsibilities under the FLSA by establishing a system through which FedEx employes Plaintiffs and other drivers through intermediary ISPs. FedEx knew, or should have known, that Plaintiffs and other drivers were not paid overtime that they were owed. FedEx has thus acted with reckless disregard for Plaintiffs' rights.

67. However, regardless of FedEx's actual or constructive knowledge of this fact, FedEx is Plaintiffs' "employer," as defined by the FLSA. FedEx is therefore liable for any overtime payments that are due to Plaintiffs other delivery drivers who have worked under ISPs.

## COUNT I
### (Unpaid Overtime Under the FLSA)

68. The FLSA, 29 U.S.C. § 207(a)(1), requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked beyond 40 per workweek. FedEx is liable under the FLSA for unpaid overtime owed to Plaintiffs. FedEx's violation of the FLSA has been willful and in reckless disregard of these Plaintiffs' rights.

## COUNT II
### (Declaratory Judgment)

69. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiffs request a declaration that they were FedEx's employees within the meaning of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. Restitution for all unpaid overtime owed to the drivers;

B. Liquidated damages and prejudgment interest, pursuant to the FLSA;

C. Litigation costs, expenses, and attorneys' fees;

D. Judgment declaring that Plaintiffs were FedEx's employees within the meaning of the FLSA; and

E. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on their claims.

Dated: August 6, 2024								SEAN DOYLE, et al.,

By their attorneys

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (BBO #640716)
Harold Lichten (BBO #549689)
Matthew Carrieri (BBO #705192)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
mcarrieri@llrlaw.com

Jeremy Abay (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
76 E. Euclid Avenue, Suite 101
Haddonfield, New Jersey 08035
(856) 509-5346
jabay@llrlaw.com